# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**SEANDI A. FORBES,**

    Plaintiff,

vs.                        Case No. 4:16cv08-MW/CAS

**GOODWILL INDUSTRIES,**
**FRED G. SHELFER,**

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, has submitted a complaint under 42 U.S.C. § 1983, ECF No. 1, and a motion seeking leave to proceed with in forma pauperis status, ECF No. 2. The motion has been granted in a separate Order entered this day.

Plaintiff's complaint is 41 pages in length and is a rambling statement of facts which span two years. ECF No. 1. The statements do not demonstrate that Plaintiff's constitutional rights were violated. Moreover, the Defendants are not "state actors" and are no appropriate Defendants in a § 1983 civil rights action.

To state a claim under § 1983, "a plaintiff must allege facts showing that the defendant's act or omission, done under color of state law, deprived him of a right, privilege, or immunity protected by the Constitution or laws of the United States."  Emory v. Peeler, 756 F.2d 1547, 1554 (11th Cir. 1985).  Thus, a plaintiff must demonstrate "both (1) that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law."  Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998) (quoted in Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011)).  Plaintiff has not met either requirement and this case should be summarily dismissed.

Another reason to dismiss this case is that Plaintiff has previously initiated two actions against Goodwill Industries.  Much of the facts are the same between this case and case numbers 4:14cv320-WS/CAS and 4:14cv101-MW/CAS.  This case is not limited to events which transpired after the filing of Plaintiff's earlier cases and, thus, it is also barred by *res judicata*.

Under the doctrine of *res judicata*, "a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action."  In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001).  In other words, *res judicata* forecloses

re-litigation of matters actually or potentially litigated in an earlier lawsuit.

<u>Richardson v. Alabama State Bd. of Educ.</u>, 935 F.2d 1240 (11th Cir. 1991).

> [A] party seeking to invoke the doctrine must establish ... four initial elements: (1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action.

<u>In re Piper Aircraft Corp.</u>, 244 F.3d at 1296.  All four of those requirements are met in this litigation.  Plaintiff has not alleged any new viable claims here, despite the addition of naming Fred Shelfer as a Defendant in this case.  This case is barred by *res judicata* and must be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and because this successive action is barred by the doctrine of *res judicata*.

**IN CHAMBERS** at Tallahassee, Florida, on January 19, 2016.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.